UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO JOSE MORALES, | 1:13-cv-01582-AWI-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S REQUEST FOR THE COURT TO SERVE COPIES OF ORDERS IN THIS CASE UPON INMATE MELVIN BRUMMET |
| vs. | |
| H. SHERWOOD, et al., | (Doc. 15.) |
| Defendants. | |

## I.   BACKGROUND

Alejandro Jose Morales ("Plaintiff"), a state prisoner presently incarcerated at Ironwood State Prison in Blythe, California, is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on October 1, 2013.  (Doc. 1.)  The case now proceeds on the First Amended Complaint filed by Plaintiff on December 2, 2013, against defendants Sherwood and Coontz for use of excessive force in violation of the Eighth Amendment; against defendant Coontz for failure to protect Plaintiff in violation of the Eighth Amendment; and against defendant Sherwood for retaliation in violation of the First Amendment.  (Doc. 9.)

On March 21, 2014, Plaintiff filed a request for the court to serve a copy of all orders issued in this case upon inmate Melvin Brummet.  (Doc. 15.)  Plaintiff explains that he is not

knowledgeable about civil suits or how to proceed, and he will need assistance to comply with the court's orders. Plaintiff provides the court with inmate Brummet's address at Corcoran State Prison in Corcoran, California.

## II. DISCUSSION

To the extent that Plaintiff seeks to allow inmate Brummet to litigate Plaintiff's case, a non-lawyer may not represent anyone but himself or herself in court. <u>Johns v. County of San Diego</u>, 114 F.3d 874, 877 (9th Cir. 1997); <u>C. E. Pope Equity Trust v. United States</u>, 818 F.2d 696, 697 (9th Cir. 1987). Therefore, inmate Brummet, a third party non-attorney, is not allowed to represent Plaintiff in this action.

With respect to Plaintiff's request for the court to serve copies of orders upon a third party, there is no Federal Rule of Civil Procedure or Local Rule concerning the service of Court and other legal documentation at an address other than a pro se litigant's actual address. Local Rule 131, Local Rule 182(f), and Local Rule 183(b) require pro se litigants to inform the Court of their addresses and to keep the Court informed of any change in their addresses. There is no authority for the proposition that a pro se litigant can simply request the Court to serve a third party with copies of court orders.

There may be special circumstances in which the court could serve a third party at a separate address. However, no such special circumstances are apparent here. Seeking the assistance of a fellow inmate to respond to court orders is insufficient to warrant service upon the fellow inmate. Moreover, service upon a third party assistant at a location other than Plaintiff's place of residence can pose significant problems with ensuring that Plaintiff meets court deadlines and prepares and signs all of his own legal documentation as a party proceeding in pro se. Inmate Brummet is incarcerated in Corcoran, California, which is hundreds of miles away from Plaintiff's present place of incarceration in Blythe, California, making it difficult for the two inmates to confer with each other and coordinate to meet court deadlines.

Based on the foregoing, Plaintiff's request shall be denied.

IT IS SO ORDERED.

Dated:   **March 26, 2014**              **/s/ Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE

///

///

### III.    CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for the court to serve a copy of all orders issued in this case upon inmate Melvin Brummet is DENIED.