UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO JOSE MORALES,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>H. SHERWOOD, et al.,<br><br>　　　　　Defendants. | 1:13-cv-01582-AWI-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF AS MOOT<br>(Doc. 23.) |

**I.　　BACKGROUND**

　　Alejandro Jose Morales ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on October 1, 2013.  (Doc. 1.)

　　On June 23, 2014, Plaintiff filed a motion for a court order enjoining defendants Hezekiah Sherwood, Greg Coontz, and Leah Gilera from "punching, hitting, pepper spraying in mouth, pull hair for no reason, write false 115's causing more time in prison, retaliating, threatening, taking legal papers from cell, or caus[ing] injury or even death . . . or taking legal documents regarding suit/mail sent or received."  (Doc. 23 at 1.)

**II.　　PRELIMINARY INJUNCTIVE RELIEF**

　　Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary

matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

The defendants whose conduct Plaintiff seeks to enjoin by his present motion are employees at California Correctional Institution (CCI) in Tehachapi, California. Because Plaintiff is no longer incarcerated at CCI and therefore is not subject to conduct by those officials,[1] Plaintiff's motion for preliminary injunctive relief must be denied as moot.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for preliminary injunctive relief, filed on January 23, 2014, is DENIED as moot.

IT IS SO ORDERED.

Dated:   **June 24, 2014**              **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE

---

[1] On January 8, 2014, Plaintiff filed a notice of change of his address to Ironwood State Prison in Blythe, California.  (Doc. 10.)

2