UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO JOSE MORALES,<br><br>            Plaintiff,<br><br>    vs.<br><br>H. SHERWOOD, et al.,<br><br>            Defendants. | 1:13-cv-01582-AWI-GSA-PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND<br>(Doc. 22.)<br><br>ORDER STRIKING AMENDED COMPLAINT LODGED ON JUNE 23, 2014<br>(Doc. 24.)<br><br>THIRTY DAY DEADLINE TO FILE A THIRD AMENDED COMPLAINT AS INSTRUCTED BY THIS ORDER |

**I.    BACKGROUND**

Alejandro Jose Morales ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on October 1, 2013.  (Doc. 1.)  On November 8, 2013, the court issued an order striking the Complaint for lack of Plaintiff's signature, with leave to amend.  (Doc. 8.)  On December 2, 2013, Plaintiff filed the First Amended Complaint, bearing his signature.  (Doc. 9.)  The court screened the First Amended Complaint pursuant to 28 U.S.C. § 1915A and issued an order on March 5, 2014, requiring Plaintiff to either file a Second Amended Complaint or notify the court of his willingness to proceed with the claims found cognizable by

1

1  the court.  (Doc. 12.)  On April 23, 2014, Plaintiff filed the Second Amended Complaint.  (Doc.
2  19.)
3        On January 23, 2014, Plaintiff filed a motion for leave to amend the complaint and
4  lodged an Amended Complaint.  (Docs. 22, 24.)

**II.    RULE 15(a) - LEAVE TO AMEND**

      Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a).  Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires.  Id.  Here, because Plaintiff has already amended the complaint twice, Plaintiff requires leave of court to file a Third Amended Complaint.

      "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'"  AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).  However, courts "need not grant leave to amend where the amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile."  Id.  The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'"  Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712,13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

      **A.    Plaintiff's Motion**

      Plaintiff seeks to amend the complaint to identify a Doe Defendant named in the Second Amended Complaint.  Plaintiff asserts that since the filing of the complaint, he has learned that the name of the Doe Defendant is Ruben S. Felix.

      **B.    Discussion**

      The court has reviewed the Second Amended Complaint and the lodged Amended Complaint. (Docs. 22, 24.)  The lodged Amended Complaint does not bear Plaintiff's signature and does not appear to include any of the changes proposed by Plaintiff.   Therefore, the lodged Amended Complaint shall be stricken from the record.

The court finds no evidence of prejudice, bad faith, undue delay in the litigation, or futility in allowing Plaintiff to amend the complaint for the purpose of identifying a Doe Defendant. Therefore, Plaintiff's motion to amend shall be granted, and Plaintiff shall be granted leave to file a Third Amended Complaint.

### III. CONCLUSION AND ORDER

Plaintiff is granted leave to file a Third Amended Complaint within thirty days.

Although Plaintiff has been given the opportunity to amend, it is not for the purpose of adding new allegations or claims. Plaintiff is granted leave to amend the complaint for the sole purpose of identifying a Doe Defendant.

Plaintiff is reminded that an amended complaint supercedes the [prior] complaint, <u>Lacey v. Maricopa County</u>, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Third Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to amend, filed on June 23, 2014, is GRANTED;
2. Plaintiff's Amended Complaint lodged on June 23, 2014, is STRICKEN from the record;
3. The Clerk's Office shall send Plaintiff a civil rights complaint form;
4. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a Third Amended Complaint, as instructed by this order;
5. Plaintiff shall caption the amended complaint "Third Amended Complaint" and refer to the case number 1:13-cv-01582-AWI-GSA-PC;
6. Plaintiff may not add any new allegations or claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

7. Plaintiff's failure to comply with this order shall result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated:   **June 24, 2014**                           **/s/ Gary S. Austin**
                                                     UNITED STATES MAGISTRATE JUDGE