UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO JOSE MORALES,<br><br>            Plaintiff,<br><br>    vs.<br><br>H. SHERWOOD, et al.,<br><br>            Defendants. | 1:13-cv-01582-AWI-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE PROCEED WITH THE THIRD AMENDED COMPLAINT, ON PLAINTIFF'S CLAIMS AGAINST DEFENDANTS SHERWOOD, COONTZ, AND FELIX FOR EXCESSIVE FORCE; AGAINST DEFENDANT SHERWOOD FOR RETALIATION; AND AGAINST DEFENDANT COONTZ FOR FAILURE TO PROTECT PLAINTIFF; AND THAT ALL OTHER CLAIMS AND DEFENDANTS BE DISMISSED FROM THIS ACTION FOR FAILURE TO STATE A CLAIM<br>(Doc. 27.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

I.      BACKGROUND

        Alejandro Jose Morales ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on October 1, 2013.  (Doc. 1.)  On November 8, 2013, the court issued an order striking the Complaint for lack of Plaintiff's signature, with leave to amend.  (Doc. 8.) On December 2, 2013, Plaintiff filed the First Amended Complaint, bearing his signature. (Doc. 9.)  The court screened the First Amended Complaint pursuant to 28 U.S.C. § 1915A and

1

1   issued an order on March 5, 2014, requiring Plaintiff to either file a Second Amended
2   Complaint or notify the court of his willingness to proceed with the claims found cognizable by
3   the court. (Doc. 12.)  On April 23, 2014, Plaintiff filed the Second Amended Complaint.  (Doc.
4   19.)  On June 23, 2014, Plaintiff filed a motion for leave to amend, which was granted by the
5   court on June 24, 2014.  (Docs. 22, 26.)  On July 3, 2014, Plaintiff filed the Third Amended
6   Complaint, which is now before the court for screening.  (Doc. 27.)

7   **II.     SCREENING REQUIREMENT**

8          The court is required to screen complaints brought by prisoners seeking relief against a
9   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).
10  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are
11  legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or
12  that seek monetary relief from a defendant who is immune from such relief.   28 U.S.C.
13  § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been
14  paid, the court shall dismiss the case at any time if the court determines that the action or
15  appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

16         A complaint is required to contain "a short and plain statement of the claim showing
17  that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are
18  not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
19  conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937,
20  1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955
21  (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge
22  unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009)
23  (internal quotation marks and citation omitted).  Plaintiff must set forth "sufficient factual
24  matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S.
25  at 678.  While factual allegations are accepted as true, legal conclusions are not.  Id.

26  ///
27  ///
28  ///

2

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations to state a plausible claim for relief.  Id. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

## III.   SUMMARY OF THIRD AMENDED COMPLAINT

Plaintiff is presently incarcerated at Ironwood State Prison in Blythe, California.  The events at issue in the Third Amended Complaint allegedly occurred at the California Correctional Institution (CCI) in Tehachapi, California, when Plaintiff was incarcerated there.  Plaintiff names as defendants Correctional Officer (C/O) Hezekiah Sherwood, C/O Greg Coontz, L. Gilera (R.N.), Nicki Gray (R.N.), and C/O Ruben S. Felix (collectively, "Defendants").  Defendants were all employed by the California Department of Corrections and Rehabilitation (CDCR) at CCI at the time of the events at issue.  Plaintiff's factual allegations follow.

Plaintiff arrived at CCI on or about July 13, 2012.  Approximately a minute after arriving at his housing assignment, defendant Sherwood called to Plaintiff, "Hey, you long hair faggot, come here."  (Third Amended Complaint (3ACP) at 6 ¶1.)  Plaintiff complied and defendant Sherwood ordered Plaintiff outside.  Once outside, defendant Sherwood put on his black leather gloves and ordered Plaintiff around the corner of the outside dorm.  Out of sight from anyone else, defendant Sherwood ordered Plaintiff up against the wall, kicked Plaintiff's legs apart, and slammed his head and face into the wall with enough force to chip his front tooth.  When Plaintiff told Sherwood about the tooth, Sherwood told Plaintiff that "if he did not keep his mouth shut, him and his 'boys' would 'f*** him up good.'"  (Id.)

Plaintiff intended to file an inmate grievance against Sherwood, "but was told by other inmates that they would in fact beat him."  (Id. at 6 ¶2.)  The other inmates told Plaintiff that there were correctional officers at CCI who still practiced "Green Wall" and beat inmates just for mouthing off.  Plaintiff took Sherwood's threat seriously and did not file a staff complaint for fear of being beaten.

///

On or about July 23, 2012, after suffering severe pain from his chipped tooth, Plaintiff filed a health care appeal to have the tooth fixed. The appeal was partially granted at the First Level of Review, but nothing was done, so Plaintiff resubmitted the appeal on or about September 13, 2012. The appeal was returned for no reason on September 13, 2012 and September 17, 2012. Defendant Sherwood reviewed the appeal prior to returning it and confronted Plaintiff, accusing him of snitching on him. Plaintiff tried to tell Sherwood that he did not snitch and only wanted his tooth fixed, but Sherwood called Plaintiff to the center of the dorm and started slapping him in the face. Plaintiff endured the assault and then went outside to get some fresh air.

As Plaintiff came around the corner to Briggs Hall, defendant Sherwood called him back, accusing him of trying to snitch to the Correctional Lieutenant. Before Plaintiff could speak, Sherwood pulled out his O.C. pepper spray, sprayed Plaintiff in the face, and took him to the ground. After Plaintiff was placed in handcuffs and posed no threat, Sherwood started kicking and punching Plaintiff. Defendant Greg Coontz was there and looked on, refusing to intervene.

After Plaintiff was placed in medical care, defendants Sherwood, Coontz, and Felix starting beating him again, because Sherwood convinced them that Plaintiff had assaulted him. Plaintiff was left in a holding cell for over an hour before he was allowed to have the pepper spray washed off his face. Plaintiff could not breathe and passed out several times. Plaintiff requested medical attention and told defendant R.N. Gilera that "his eyes were burning," but his request was overlooked when "he was seen after the beating." (3ACP at 7 ¶5.) Plaintiff could not identify the officers or medical staff present because he could not open his eyes. Plaintiff washed his face with toilet water because he could not locate the sink.

In administrative segregation, Plaintiff coughed up blood and passed out several times because he could not breathe. He complained to the medical staff and correctional officers and was refused medical treatment for eight days. Plaintiff was seen by defendant R.N. Gray, and then forced to wait fifteen days longer before being seen by a medical doctor. On October 2,

///

4

2012, Plaintiff had x-rays taken of his chest, and on October 16, 2012, Plaintiff submitted another Health Care Services Request Form complaining of shortness of breath.

Plaintiff alleges that defendant Sherwood's actions placed his life in grave danger because several months before, Plaintiff underwent open chest surgery for severe pneumonia, and Plaintiff had not fully recovered.  Medical staff knew about Plaintiff's prior surgery when he arrived at CCI.

Sherwood falsified a Rules Violation Report (RVR) in an attempt to cover up or justify the pepper spray and beating.  The Senior Hearing Officer, after hearing the RVR, reduced the charge from "Assault on Staff" to "Resisting Staff," a charge not alleged in the RVR.

Another inmate, who had seen Plaintiff being beaten and pepper-sprayed, called Plaintiff's family and informed them.  The family called the prison and an attorney.  The attorney advised them to file a formal staff complaint, which the family did.

The family's complaint resulted in Plaintiff being interviewed at a video-taped session. Plaintiff filed another inmate appeal concerning the false disciplinary charge and alleged he was beaten for trying to seek medical attention for his teeth.

After being transferred to the California Substance Abuse Treatment Facility and State Prison (SATF) in Corcoran, California, Plaintiff filed another staff complaint against the correctional officers because his first complaint, together with the disciplinary appeal, was never answered.  Plaintiff was videotaped during an interview at SATF by Lieutenant Smith [not a defendant].  This staff complaint was screened out later and Plaintiff appealed to the Director of Corrections.

Plaintiff tried to obtain copies of his medical file through his correctional counselor and was informed that the medical records had been purged.

Plaintiff seeks monetary damages, declaratory judgment, costs of suit, and reasonable fees.

///

///

///

## IV.     PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "Section 1983 . . .  creates a cause of action for violations of the federal Constitution and laws."  Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

### A.     Eighth Amendment Claims

#### 1.     Excessive Force

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ."  Hudson v. McMillian, 503 U.S. 1, 8 (1992).  "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency."  Id. (internal quotation marks and citations omitted).  The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident.  Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)).  However, not "every malevolent touch by a prison guard gives rise to a federal cause of action."  Id. at 9.  "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind."  Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Id. at 7.  "In determining whether the use of force was wanton and

unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted).  "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

Plaintiff alleges that shortly after Plaintiff arrived at CCI, defendant Sherwood called to him, "Hey, you long hair faggot, come here," and when Plaintiff complied, Sherwood took him outside, kicked his legs apart, and slammed his head and face into the wall.  Plaintiff also alleges that defendant Sherwood slapped him in the face, sprayed him with pepper spray, and kicked and punched him because Plaintiff filed a health care appeal.  Plaintiff also alleges that defendants Coontz and Felix beat him because defendant Sherwood convinced them that Plaintiff had assaulted Sherwood.  The court finds that Plaintiff states cognizable claims against defendants Sherwood, Coontz, and Felix for use of excessive force in violation of the Eighth Amendment.

### 2.   Failure to Protect

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).  Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33, 114 S.Ct. 1970 (1994) (internal citations and quotations omitted).  Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Id. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005).

To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmates's safety." Farmer at 834.  The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future health . . . .'" Id. at 843 (citing Helling v. McKinney, 509 U.S. 25, 35 (1993)).  The Supreme Court has explained that "deliberate indifference entails something more than mere

negligence . . . [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result." Farmer at 835. The Court defined this "deliberate indifference" standard as equal to "recklessness," in which "a person disregards a risk of harm of which he is aware." Id. at 836-37.

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Id. at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837; Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995). To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. Farmer, 511 U.S. at 842; Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).

Plaintiff alleges that defendant Coontz was present and watched, without intervening, when defendant Sherwood slapped Plaintiff in the face, sprayed him with pepper spray, and kicked and punched him. The court finds that, liberally construed, Plaintiff states a claim against defendant Coontz for failure to protect him in violation of the Eighth Amendment.

### 3.    **Medical Claim**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison

officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id.   Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs.  McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

    "Deliberate indifference is a high legal standard."  Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"  Id. at 1057 (quoting Farmer, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'"  Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).  "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment.  Id. at 1060.  "[E]ven gross negligence is insufficient to establish a constitutional violation."  Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

    "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim."  Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted).  To prevail, plaintiff "must show that the course of treatment the doctors chosen was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

    Plaintiff alleges that after he was assaulted, he was left in a holding cell for over an hour before he was allowed to have the pepper stray washed off his face, during which time he could not breathe and passed out several times.  Plaintiff requested medical attention and told defendant R.N. Gilera that his eyes were burning, but his request was overlooked.  Plaintiff alleges that in administrative segregation he coughed up blood and passed out several times

because he could not breathe. He complained to medical staff and correctional officers and was refused medical treatment for eight days. Plaintiff was seen by defendant R.N. Gray and then forced to wait fifteen more days before being seen by a medical doctor.

Plaintiff shows a serious medical need, because he could not breathe and passed out several times from the pepper spray, coughed up blood, and suffered from burning eyes. However, Plaintiff fails to allege facts demonstrating that any defendant acted, or failed to act, against him with deliberate indifference. Plaintiff fails to show that any defendant failed to afford him adequate medical care, while knowing and consciously disregarding an excessive risk to his health. Therefore, the court finds that Plaintiff fails to state a claim for inadequate medical care under the Eighth Amendment.

## B. Retaliation

As discussed by the Ninth Circuit in Watison v. Carter:

> "A retaliation claim has five elements. Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009). First, the plaintiff must allege that the retaliated-against conduct is protected. The filing of an inmate grievance is protected conduct. Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005).
>
> Second, the plaintiff must claim the defendant took adverse action against the plaintiff. Id. at 567. The adverse action need not be an independent constitutional violation. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). "[T]he mere threat of harm can be an adverse action...." Brodheim, 584 F.3d at 1270.
>
> Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct. Because direct evidence of retaliatory intent rarely can be pleaded in a complaint, allegation of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal. See Pratt, 65 F.3d at 808 ("timing can properly be considered as circumstantial evidence of retaliatory intent"); Murphy v. Lane, 833 F.2d 106, 108–09 (7th Cir. 1987).
>
> Fourth, the plaintiff must allege that the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." Robinson, 408 F.3d at 568 (internal quotation marks and emphasis omitted). "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm," Brodheim, 584 F.3d at 1269, that is "more than minimal," Robinson, 408 F.3d at 568 n.11. That the retaliatory conduct did not chill the plaintiff from suing the

alleged retaliator does not defeat the retaliation claim at the motion to dismiss stage. Id. at 569.

   Fifth, the plaintiff must allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution...." Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985). A plaintiff successfully pleads this element by alleging, in addition to a retaliatory motive, that the defendant's actions were arbitrary and capricious, id., or that they were "unnecessary to the maintenance of order in the institution," Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir.1984)."

Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012).

  Plaintiff alleges that defendant Sherwood assaulted him for filing a health care appeal, because Sherwood thought Plaintiff was snitching on him in the appeal. Plaintiff states a cognizable claim against defendant Sherwood for retaliation in violation of the First Amendment.

### C.   Due Process -- False Disciplinary Report

  The falsification of a disciplinary report does not state a standalone constitutional claim. Canovas v. California Dept. of Corrections, 2014 WL 5699750, n.2 (E.D. Cal. 2014); see e.g., Lee v. Whitten, 2012 WL 4468420, *4 (E.D. Cal. 2012). There is no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986)). "Specifically, the fact that a prisoner may have been innocent of disciplinary charges brought against him and incorrectly held in administrative segregation does not raise a due process issue. The Constitution demands due process, not error-free decisionmaking." Jones v. Woodward, 2015 WL 1014257, *2 (E.D. Cal. 2015) (citing Ricker v. Leapley, 25 F.3d 1406, 1410 (8th Cir. 1994); McCrae v. Hankins, 720 F.2d 863, 868 (5th Cir. 1983)).

  Plaintiff alleges that defendant Sherwood falsified Plaintiff's Rules Violation Report to cover up or justify beating Plaintiff and spraying him with pepper spray. To the extent that Plaintiff seeks to bring a due process claim for the falsification of records, Plaintiff is unable to do so because he has no protected liberty interest against having false information in his Rules Violation Report.

**V.      CONCLUSION AND RECOMMENDATIONS**

The Court finds that Plaintiff states cognizable claims against defendants Sherwood, Coontz, and Felix for use of excessive force under the Eighth Amendment; against defendant Sherwood for retaliation under the First Amendment; and against defendant Coontz for failure to protect Plaintiff in violation of the Eighth Amendment.  However, Plaintiff fails to state any other cognizable claims against any of the Defendants.  The Court previously granted Plaintiff leave to amend the complaint, with ample guidance by the Court.  The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Accordingly, based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1.      This action be allowed to proceed with the Third Amended Complaint, against defendants Sherwood, Coontz, and Felix for use of excessive force under the Eighth Amendment; against defendant Sherwood for retaliation under the First Amendment; and against defendant Coontz for failure to protect Plaintiff in violation of the Eighth Amendment;

2.      All other claims and defendants be dismissed from this action for Plaintiff's failure to state a claim under § 1983;

3.      Plaintiff's claims for inadequate medical care under the Eighth Amendment, and for falsification of his disciplinary report under the Due Process Clause be dismissed for Plaintiff's failure to state a claim under § 1983;

4.      Defendants Gilera and Gray be dismissed from this action based on Plaintiff's failure to state any claims against them; and

5.      This case be referred back to the Magistrate Judge for further proceedings, including initiation of service of process.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file

written objections with the Court.   The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."   Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __**April 15, 2015**__                    _____**/s/ Gary S. Austin**
                                                          UNITED STATES MAGISTRATE JUDGE