UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO JOSE MORALES,<br><br>           Plaintiff,<br><br>      vs.<br><br>H. SHERWOOD, et al.,<br><br>           Defendants. | 1:13-cv-01582-DAD-EPG-PC<br><br>ORDER DENYING DEFENDANTS' MOTION FOR STAY OF DISCOVERY (ECF No. 45.) |

I.  **BACKGROUND**

Alejandro Jose Morales ("Plaintiff") is a former state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983.  This action now proceeds with the Third Amended Complaint filed by Plaintiff on July 3, 2014, against defendants Sherwood, Coontz, and Felix (collectively, "Defendants") for use of excessive force under the Eighth Amendment; against defendant Sherwood for retaliation under the First Amendment; and against defendant Coontz for failure to protect Plaintiff in violation of the Eighth Amendment.[1]  (ECF No. 27.)

On August 20, 2015, the Court issued a scheduling order which opened the discovery phase for this action and established pretrial deadlines.  (ECF No. 39.)  On October 1,

---

[1] On May 29, 2015, the Court issued an order dismissing all other claims and defendants based on Plaintiff's failure to state a claim.  (ECF No. 32.)

1

Defendants filed a motion for stay of discovery pending resolution of Defendants' forthcoming motion for summary judgment.[2] (ECF No. 45.) On October 13, 2015, Plaintiff filed an opposition to the motion for stay. (ECF No. 48.) On October 16, 2015, Defendants filed a reply to the opposition. (ECF No. 49.)

Defendants' motion for stay of discovery is now before the Court.

**II.    DEFENDANTS' MOTION FOR STAY OF DISCOVERY**

The Court is vested with broad discretion to manage discovery. <u>Dichter-Mad Family Partners, LLP v. U.S.</u>, 709 F.3d 749, 751 (9th Cir. 2013) (*per curiam*), <u>cert.</u> <u>denied</u>, 134 S.Ct. 117 (2013); <u>Hunt v. County of Orange</u>, 672 F.3d 606, 616 (9th Cir. 2012); <u>Surfvivor Media, Inc. v. Survivor Prods.</u>, 406 F.3d 625, 635 (9th Cir. 2005); <u>Hallett v. Morgan</u>, 296 F.3d 732, 751 (9th Cir. 2002). Pursuant to Rule 26(c)(1), the Court may, for good cause, issue a protective order forbidding or limiting discovery. The Ninth Circuit has not provided guidance on evaluating a motion to stay discovery pending resolution of a potentially dispositive motion, other than affirming that district courts may grant such a motion for good cause. <u>See</u>, e.g., <u>id.</u> (affirming district court's decision to stay discovery pending resolution of motion for summary judgment); <u>Wenger v. Monroe</u>, 282 F.3d 1068, 1077 (9th Cir. 2002) (affirming district court's grant of protective order staying discovery pending resolution of motion to dismiss), as amended on denial of reh'g and reh'g *en banc*, (Apr. 17, 2002).

"[T]he Federal Rules of Civil Procedure [do] not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." <u>Mlejnecky v. Olympus Imaging Am., Inc.</u>, No. 2:10–CV–02630 JAM KJN, 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011). "Indeed, district courts look unfavorably upon such blanket stays of discovery," <u>id.</u>, because delaying or prolonging discovery can create unnecessary litigation expenses and case management problems, <u>Simpson v. Specialty Retail Concepts, Inc.</u>, 121 F.R.D. 261, 263 (M.D.N.C. 1988). In evaluating a motion to stay, a Court "inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and

---

[2] On October 7, 2015, Defendants filed their motion for summary judgment, which is pending. (ECF No. 46.)

entirely eliminate the need for such discovery." Id.; see White v. E–Loan, Inc., No. C 05–02080 SI, 2006 WL 2850041, at *2 (N.D. Cal. Oct. 5, 2006); GTE Wireless, Inc. v. Qualcomm, Inc., 192 F.R.D. 284, 289 (S.D. Cal. 2000) (a district court must only ". . . take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted.").

Defendants rely on the two-pronged test used in Mlejnecky to decide whether to stay discovery. Mlejnecky, 2011 WL 489743, at *6. The two-part test considers whether: (1) "the pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed" and (2) "the pending, potentially dispositive motion can be decided absent additional discovery." Id. If the moving party satisfies these two prongs, the Court may issue a protective order staying discovery. Id. As to the first prong, Defendants argue that since 42 U.S.C. § 1997e(a) mandates exhaustion of administrative remedies before filing a civil action, Defendants' exhaustion motion could dispose of Plaintiff's entire action. As to the second prong, Defendants argue that the Court can rule on the motion without additional discovery, because that their exhaustion motion will include sufficient information and documentation about Plaintiff's appeal history, and Plaintiff will not need further discovery because he has access to his own documents. Finally, Defendants argue that it would be a waste of resources to require the parties to respond to discovery requests before the exhaustion motion is decided, because if the motion is granted, the case will end without further discovery, and if the motion is denied, the parties may then conduct discovery without having suffered any prejudice from the brief delay.

Here, Defendants have not demonstrated good cause for a stay of discovery. After taking a "preliminary peek" at Defendants' exhaustion motion, the Court does not find an "immediate and clear possibility" that the motion will dispose of the entire case. See Mlejnecky, 2011 WL 489743, at *6 ("Discovery should proceed if either prong of the test is not met."). Defendants' motion and exhibits are nearly 350 pages long. Due to this volume alone, the Court is unable to make an immediate and clear decision that the motion will dispose of this case. (ECF No. 45.) Moreover, Plaintiff has vehemently opposed the motion, offering

documentary evidence that he exhausted the remedies available to him and raising a question whether prison officials improperly delayed responding to his appeal. The mere possibility that summary judgment will be granted does not outweigh the harms produced by delaying discovery. See Simpson, 121 F.R.D. at 263. Therefore, Defendants' motion for stay shall be denied.

### III. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' motion to stay discovery, filed on October 1, 2015, is DENIED.

IT IS SO ORDERED.

Dated:   **February 26, 2016**          /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE