UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| ALEJANDRO JOSE MORALES, | 1:13-cv-01582-DAD-EPG-PC |
|---|---|
| Plaintiff, | SCHEDULING ORDER FOLLOWING MAY 19, 2016 TELEPHONIC HEARING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |
| vs. | |
| HEZEKIAH SHERWOOD, et al., | |
| Defendants. | ORDER FOR DEFENDANTS TO FILE FURTHER BRIEFING ON MOTION FOR SUMMARY JUDGMENT AS INSTRUCTED BY THIS ORDER, WITHIN 21 DAYS OF THE MAY 19, 2016 HEARING<br>(ECF No. 46.) |
| | ORDER FOR PLAINTIFF TO FILE BRIEFING IN RESPONSE TO M. VOONG'S DECLARATION, AS INSTRUCTED BY THIS ORDER, WITHIN 21 DAYS OF THE MAY 19, 2016 HEARING |
| | ORDER FOR DEFENDANTS TO RE-SERVE M. VOONG'S DECLARATION UPON PLAINTIFF FORTHWITH<br>(ECF Nos. 41-4, 41-5.) |

**I.     BACKGROUND**

Alejandro Jose Morales ("Plaintiff") is a former state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. This action now proceeds with the Third Amended Complaint filed by Plaintiff on July 3, 2014, against defendants Correctional Officers

1

Hezekiah Sherwood, Greg Coontz, and Ruben S. Felix (collectively, "Defendants") for use of excessive force under the Eighth Amendment; against defendant Sherwood for retaliation under the First Amendment; and against defendant Coontz for failure to protect Plaintiff in violation of the Eighth Amendment.[1]  (ECF No. 27.)

On October 7, 2015, Defendants filed a motion for summary judgment for failure to exhaust administrative remedies.  (ECF No. 46.)  On October 22, 2015, Plaintiff filed an opposition to the motion.  (ECF No. 50.)  On November 12, 2015, Defendants filed a reply to the opposition.  (ECF No. 53.)  On November 25, 2015, Plaintiff filed a surreply.  (ECF No. 54.)  On December 7, 2015, Defendants filed a motion to strike the surreply.  (ECF No. 56.)  The motion for summary judgment and motion to strike are pending.

## II.   STATUS CONFERENCE

On May 19, 2016 at 11:00 a.m., a telephonic status conference was held before Magistrate Judge Erica P. Grosjean, to discuss Defendants' pending motion for summary judgment.  Plaintiff appeared telephonically on his own behalf.  California Deputy Attorney General Andrew J. Whisnand appeared telephonically on behalf of Defendants.

### A.   Defendants' Motion for Summary Judgment

Defendants seek summary judgment on the basis that Plaintiff failed to exhaust administrative remedies for his claims before filing this lawsuit on October 1, 2013.  42 U.S.C. § 1997e(a).[2]  Defendants argue that Plaintiff's prison Appeal #CCI-0-12-02710 ("Appeal") was not exhausted at the third level of review until June 3, 2015, nearly two years after Plaintiff filed this case.  Plaintiff has admitted that he was in the process of exhausting his remedies at the California Correctional Institution (CCI) during the pendency of this lawsuit via his Appeal.

///

---

[1] On May 29, 2015, the Court issued an order dismissing all other claims and defendants from this action, based on Plaintiff's failure to state a claim.  (ECF No. 32.)

[2] Pursuant to the Prisoner Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C.A. § 1997e(a).

The following facts, *inter alia*, are undisputed. Plaintiff filed the initial Complaint for this case on October 1, 2013. (Defendants' Undisputed Material Facts (DUF) 1.) The incident at issue in the Complaint allegedly occurred on July 13, 2012 at CCI when Plaintiff was incarcerated there. (DUF 3-7.) Plaintiff initially submitted Appeal #CCI-0-12-02710 on or about November 1, 2012. (DUF 13.) On November 13, 2012, the Appeal was rejected at the second level of review for failing to attach necessary supporting documents pursuant to California Code of Regulations (CCR), Title 15 § 3084.3 (2013); Plaintiff had failed to attach a copy of his Rules Violation Report (RVR) which was necessary to adjudicate the Appeal. (DUF 15.) On November 21, 2012, the Appeal was again rejected at the second level of review for improperly filling out Section D of the Appeal form. (DUF 16.) On December 27, 2012, the Appeal was again rejected at the second level of review for failing to attach a copy of the RVR. (DUF 17.) On January 28, 2013, the Appeal was again rejected at the second level of review for failing to attach a final copy of the RVR, including supporting documentation. (DUF 18.) On March 15, 2013, the Appeal was again rejected at the second level of review, pursuant to CCR, Title 15 § 3084.6(b)(10), for failing to submit the Appeal either typed or printed legibly in ink. Plaintiff had written his Appeal in pencil. (DUF 20.) On or about May 10, 2013, the Appeal was denied at the second level of review, and on May 20, 2013, Plaintiff submitted the Appeal to the third level of review. (DUF 23, 24.) The Appeal was screened out nine times at the third level of review between July 3, 2013 and January 2, 2014, for, among other things, failing to attach necessary supporting documents to the Appeal.[3] (DUF 25.) On June 3, 2014, the third level of review cancelled the Appeal pursuant to CCR Title 15 § 3084.8(a), finding that Plaintiff had exceeded the limits for submitting his appeal. (DUF 26.) Plaintiff challenged the cancellation of his Appeal and on November 26, 2014, Plaintiff's amended Appeal was accepted at the third level of review. (DUF 27, 28.) On February 23, 2015, the amended Appeal was partially granted at the third level of review, allowing Plaintiff to resubmit the amended Appeal within thirty days. (DUF 29.) On March 12, 2015, Plaintiff

---

[3] Plaintiff asserts that he did not receive any response at the third level of review between May 20, 2013 and January 2, 2014.

resubmitted the amended Appeal. (DUF 30.) On June 3, 2015, the amended Appeal was denied. (DUF 31.)

### B. Discussion

#### 1. Effect of Dismissal

The Court ordered Defendants to submit supplemental briefing within 21 days of the May 19, 2016 hearing, addressing the question, "Does Defendant contend that if Plaintiff's complaint in this case is dismissed for failure to exhaust administrative remedies prior to filing suit, does Defendant contend that Plaintiff is barred from re-filing the case and if so, what are the legal authorities for that?" Plaintiff is not required to file a brief addressing those issues, but may do so if he wishes, within the same 21 days. The Court directed the parties to notify the Court if they come to an agreement that Plaintiff can immediately re-file and proceed with this case if it is dismissed for failure to exhaust.

#### 2. Available Remedies

At the May 19, 2016 hearing, the Court raised questions about whether Plaintiff had "available" administrative remedies at the prison, given that it took more than two years for Plaintiff to exhaust his remedies using the prison's appeals process, causing Plaintiff to fear he would be barred by the statute of limitations if he waited until after the appeals process was completed to file his lawsuit.

The Court also discussed the Declaration of M. Voong submitted in support of the motion for summary judgment, in which M. Voong sets forth the facts concerning Plaintiff's Appeal #CCI-0-12-02710 and the prison's responses each time Plaintiff submitted or re-submitted the Appeal at each level of review. (ECF Nos. 46-4, 46-5.) The Court ordered Plaintiff to file further briefing within 21 days of the May 19, 2016 hearing, responding to the Declaration of M. Voong, addressing the timeliness of the prison's responses to his Appeal and whether the prison's responses show that administrative remedies were "available" to him through the prison's appeals process. Defendants were ordered to re-serve the Declaration of M. Voong and all supporting documentation upon Plaintiff forthwith.

///

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Within 21 days of the May 19, 2016 hearing, Defendants are required to submit further briefing on their motion for summary judgment, as instructed by this order, as to whether Plaintiff can immediately re-file and proceed with this case if it is dismissed for failure to exhaust. Plaintiff is permitted but not required to file a brief addressing these issues, within the same 21 days;

2. The parties shall notify the Court if they come to an agreement that Plaintiff can immediately re-file and proceed with this case if it is dismissed for failure to exhaust;

3. Plaintiff is required to file a brief responding to the Declaration of M. Voong in support of Defendants' motion for summary judgment (ECF Nos. 46-4, 46-5), within 21 days of the May 19, 2016 hearing, addressing the timeliness of the prison's responses to Plaintiff's Appeal #CCI-0-12-02710, and whether the prison's responses show that Plaintiff had administrative remedies "available" to him through the prison's appeals process; and

4. Defendants shall RE-SERVE Plaintiff with the Declaration of M. Voong forthwith.

IT IS SO ORDERED.

Dated:  **May 27, 2016**            /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE